IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Elmer Lee, | ) | Civil Action: 2:20-cv-01958-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | *(Jury Trial Requested)* |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, Elmer Lee, by and through his undersigned counsel, hereby brings the following claims against the Defendant United States of America through the Department of Veterans Affairs, and set forth as grounds to the Complaint the following:

## THE PARTIES

1. The Plaintiff is a U.S. Citizen and resides in the County of Georgetown in the State of South Carolina.

2. United States of America ("United States") is the Defendant per 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et. seq., and 38 U.S.C. § 7316 as it delivers medical services through the Department of Veterans Affairs and its employees at Ralph H. Johnson VA Medical Center (the "VA") in the County of Charleston, South Carolina.

3. United States is the proper Party-Defendant in this action pursuant to the Federal Tort Claims Act ("FTCA") for a claim seeking money damages for personal injuries caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment. 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq. (collectively, the "FTCA"). Specifically, the Plaintiff's allegations of negligence herein are against Dr. Doan T. Bloomquist, a federal employee by and through the United States

Department of Veterans Affairs, a "federal agency," as defined in the FTCA.

## JURISDICTION AND VENUE

4. This action is brought against United States pursuant to the FTCA for the acts and omissions by its agents and/or employees arising out of medical services delivered to the Plaintiff who was a patient at the VA. This Court has jurisdiction over the matter pursuant to the FTCA.

5. The employees of the VA (to include and not be limited to Dr. Doan T. Bloomquist), are employees of the government or were acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346 (b)(1), FTCA, and 38 U.S.C. §7365, and as such were acting within the scope of their employment.

6. At the times of the medical treatment described herein, Plaintiff was a resident of Georgetown County, South Carolina.

7. Plaintiff timely submitted Claims for Damages (commonly referred to as a Standard Form 95) to the Department of Veterans Affairs, on August 3, 2019, which was received on September 3, 2019.

8. On May 7, 2020, Department of Veterans Affairs denied Plaintiff's claim. (Exhibit 1). Plaintiff was further advised in that letter that he was entitled to file suit in Federal District Court within six months of the date their determination. This action is being brought pursuant to that directive.

9. Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action, 28 U.S.C. §2675.

10. Venue is proper in this Court under 28 U.S.C. §1346(b)(1) and 28 U.S.C. §1402

because the acts and/or omissions complained of herein occurred in whole or in part in Charleston County, South Carolina, which are within the Charleston Division of the United States District Court for the District of South Carolina.

11. Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e*., the State of South Carolina), federal laws and regulations, patient's bill of rights, and other, where these acts and/or omissions occurred.  28 U.S.C. §1346; *Richards v. U.S*., 369 U.S. 1. 11-13 (1962).

12. Plaintiff has complied with pre-lawsuit procedural requirements provided for by the SC Medical Malpractice Act, including those provided for in sections 15-79-120, 15-70-100, and 15-36-100 of the South Carolina Code of Laws.

13. Additionally, in order to comply with all statutory requirements Plaintiff is attaching and incorporating by reference the affidavit and CV of following medical expert, Dr. Henry S. O'Halloran, D. Ophth.

## FACTS

14. On September 6, 2017, Plaintiff underwent cataract surgery of his right eye by VA employee Dr. Doan T. Bloomquist at Defendant Lowcountry Surgery Center d/b/a Roper St. Francis Eye Center. Prior to surgery, Dr. Bloomquist consulted with Plaintiff and recommended the cataract surgery in question.

15. The cataract procedure performed by Dr. Bloomquist was documented as a "phaco/ACIOL placement/anterior vitrectomy OD (right)."

16. Prior to surgery, Dr. Bloomquist failed to appropriately examine Plaintiff's right eye to identify that he suffered from a pseudo exfoliation condition that would require the expertise of a specialist (e.g. vitreoretional surgeon) to perform and/or assist with the surgery.

17. Based on Dr. Bloomquist's operative note, foreseeable events occurred that should have and/or could have been handled more appropriately had Dr. Bloomquist properly examined the Plaintiff pre-operatively and planned accordingly for what was likely to ensue to include, but not limited to, having a vitreoretinal specialist available to perform a vitrectomy.

18. After surgery, Plaintiff's vision never improved requiring several post-op office visits. In February of 2018, Plaintiff was informed that he needed a Pars Plana Vitrectomy ("Vitrectomy") in attempt to improve his vision and treat an infection that had developed as a result of the cataract surgery performed by Dr. Bloomquist.

19. On February 27, 2018, Plaintiff underwent a Vitrectomy to his right eye but it never improved. Plaintiff ultimately lost total vision in his right eye requiring its removal and placement of a prosthetic that he is unable to wear to date.

20. The failure of the VA and Dr. Bloomquist to appropriately treat Plaintiff on September 6, 2017 consulting with the appropriate specialists, performing an adequate pre-op examination, and/or to defer the Plaintiff's case to a specialist before operating was medically negligent and directly and proximately caused Plaintiff pain, suffering, permanent disability with the loss of his right eye in February 2018, disfigurement, scarring, mental anguish, undue medical treatment, and costs.

**FOR A FIRST CAUSE OF ACTION**
**(Medical Negligence/Gross Negligence)**

21. Plaintiffs hereby re-allege and affirm the above paragraphs as if fully set forth herein.

22. Defendant through the VA, its subsidiary and its employees, owed the Plaintiff a duty to provide that standard of care, skill, and treatment which in light of all relevant

surrounding circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

23. Defendant, through the VA, breached this duty and deviated from the acceptable standard of care by rendering care and treatment that was below the standard of care including, without limitation, by failing to provide appropriate care, failing to provide proper and adequate medical attention, failing to send Plaintiff for further testing, failing to perform appropriate exams and diagnostic tests in a timely manner, failing to consult appropriate specialists, to exercise reasonable care for the well-being of the Plaintiff under the circumstances, failing to provide health care to the Plaintiff that met the minimum standard of care in the relevant medical community, failing to follow generally accepted medical and diagnostic standards, practices, and procedures, failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances, and in failing such particulars as may be discovered in the course of this litigation.

24. As a direct and proximate result of the aforesaid breaches of the standard of care, the Plaintiff has, and will in the future, endured severe and grievous pain, suffering, humiliation embarrassment, permanent scarring and debilitating injuries, and damages; Plaintiff has undergone medical treatment and incurred medical bills and expenses, mental anguish, emotional distress, anxiety, and is expected to incur future medical expenses, pain and suffering.

25. United States is vicariously liable for the deviations from the standard of care and negligence of the VA, Dr. Bloomquist, and all of its employees and agents by and through the Department of Veterans Affairs, a federal agency.

As such, the Plaintiff is entitled to ACTUAL and CONSEQUENTIAL DAMAGES from the Defendants.

## FOR A SECOND CAUSE OF ACTION
**(General Negligence)**

26.     Each and every allegation of fact stated above is re-alleged herein as if restated verbatim.

27.     Defendant, individually and on behalf of their physicians, nurses, agents, independent contractors, and/or employees, to include but not limited to Dr. Doan T. Bloomquist, undertook the duty to render routine ministerial care to the Plaintiff in accordance with the prevailing professional standards in the national community.

28.     Upon information and belief, the VA has a non-delegable duty to provide physicians, nurses, independent contractors, and other staff adequately trained and able to provide any routine and/or non-medical care to patients.

29.     Upon information and belief, Defendant USA, on behalf of the VA, has the right or power to direct and control the manner in which its employees, agents, independent contractors, and/or staff provide care and operate the business of delivering routine, ministerial and/or non-medical care for a fee through its health care facility.

30.     Upon information and belief, Defendant USA, on behalf of the VA, has the right or power to direct and control the manner in which its employees, staff, co-workers, independent contractors, and/or agents provide care and operate the business of delivering routine, ministerial and/or non-medical care for a fee through its health care facility.

31.     "[N]ot every action taken by a medical professional in a hospital or doctor's office necessarily implicates medical malpractice and, consequently, the requirements of [S.C. Code Ann.] Section 15-79-125." Dawkins v. Union Hosp. Dist., 408 S.C. 171, 178, 758 S.E.2d 501, 504 (2014).

32. "However, at all times, the medical professional must 'exercise ordinary and reasonable care to ensure that no unnecessary harm [befalls] the patient.'" Id. at 178, 758 S.E.2d at 504 (further citations omitted).

33. "The statutory definition of medical malpractice found in section 15-79-110(6) does not impact medical providers' ordinary obligation to reasonably care for patients with respect to nonmedical, administrative, ministerial, or routine care." Id.

34. "Thus, medical providers are still subject to claims sounding in ordinary negligence." Id.

35. Notwithstanding said undertaking, and while Plaintiff was under the care of Defendant's physicians, nurses, agents, independent contractors, and/or employees, said Defendants, and their physicians, nurses, staff, agents, independent contractors, and/or employees, departed from prevailing and acceptable professional standards of routine, ministerial, administrative and/or non-medical care and treatment of Plaintiff and were thereby negligent, careless, grossly negligent, reckless and in violation of the duties owed to Plaintiff and are therefore liable for one or more of the following acts of omission or commission:

    a. In failing to communicate their findings to specific medical personnel that could address the findings;

    b. In acting or failing to act in a way that would appropriate to a member of the general public;

    c. In failing to render proper routine care;

    d. In failing to render proper ministerial care;

    e. In failing to render proper administrative care;

      f. In failing to render proper non-medical care;

      g. In failing to staff their respective facilities appropriately;

      h. In failing to train their employees, nurses, physicians, contractors, and/or agents in an appropriate manner;

      i. In continuing to employ certain employees, nurses, physicians, contractors, and/or agents when Defendant VA and Dr. Doan T. Bloomquist knew or should have known that doing so would result in a Plaintiff's harm; and

      j. In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure and/or Federal Rules of Civil Procedure for the district of South Carolina..

36. As a direct and proximate result of the negligence, gross negligence, recklessness, willful and wanton departure from proper routine, ministerial, administrative or non-medical care by Defendants, their physicians, nurses, staff, agents, contractors and/or employees as noted above, Plaintiff has incurred permanent disability, injuries, and medical bills. Plaintiff is therefore entitled to recover from Defendants a sum of money to compensate him for all damages allowable under the general negligence theory. Furthermore, to the extent that Defendants' general negligence is found to be a cause of Plaintiff's injuries, Plaintiff would be entitled to recover from Defendants a sum of money to compensate for all damages allowable under the general negligence theory. All damages should be in an amount determined by the court in this action without regard to any non-economic damages cap since it is under a general negligence theory.

## CERTIFICATE OF COUNSEL

Undersigned counsel certifies that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against the Defendant named herein.

                                         *s/Lauren Knight Slocum, Esq. $11760*
                                         Lauren Knight Slocum, Esq. #11760
                                         C. Carter Elliott, Jr. #5423
                                         Elliott, Phelan, & Kunz, LLC
                                         119 Screven Street
                                         Georgetown, SC  29440
                                         **ATTORNEYS FOR THE PLAINTIFF**

May 21, 2020
Georgetown, South Carolina